MUNSON Steamship Line, Libelant-Appellant, v. Steam Tug HELMSMAN, Her Engines, etc.; Robert Rogers and Frederick E. Jones, Claimants-Appellees.

Frederick E. Jones, Libelant-Appellee, v. Steamship TUSCAN, Her Engines, etc.; Munson Steamship Line, Claimant-Appellant, Steam Tug Helmsman, Her Engines, etc., Robert Rogers and Frederick E. Jones, Claimants-Appellees.

(Circuit Court of Appeals, Second Circuit. December 21, 1925.)

Nos. 122, 123.

Appeals from the District Court of the United States for the Southern District of New York.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and Roy H. Caldwell, both of New York City, of counsel), for appellants.

Bigham, Englar & Jones, of New York City (Leonard J. Matteson, of New York City, of counsel), for appellees.

Before ROGERS, MANTON, and HAND, Circuit Judges.

PER CURIAM. Decrees (11 F.[2d] 441) affirmed.

=====

## WALDES et al. v. SCHALL et al.

(District Court, S. D. New York. March 22, 1924.)

War ⬤12—Bankers held not liable for assets of foreign partnership, handled in dealing with corporation conducting partnership's United States' business, on theory incorporation was fraud participated in by bank (Trading with Enemy Act, § 7 [b], 40 Stat. 416 [Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d]).

Where attorneys in fact for a Prague partnership, in February, 1917, incorporated under laws of New York with apparent hope of avoiding seizure of property in event of war, *held* in view of Trading with Enemy Act, § 7 (b), being Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115½d, bankers continuing to deal with corporation as they had with partnership until its dissolution, at direction of Alien Property Custodian, were not liable to account to partnership for assets on theory that incorporation was an attempted fraud on both partnership and United States, in which banking firm participated.

In Equity. Suit for accounting by Jindrich Waldes and others, copartners doing business under the firm name and style of Waldes & Co., against William Schall and another, copartners doing business under the firm name and style of Muller, Schall & Co.

Decree affirmed 11 F.(2d) 453. Decree for defendants.

The findings of fact and opinion of the special master were as follows:

### Findings of Fact.

(1) Throughout the whole period during which the transactions involved in this action arose and were performed, the plaintiffs were copartners carrying on the business of manufacturers of snap fasteners at Prague, Bohemia, now in the republic of Czecho-Slovakia, and prior to the establishment of said republic within the dominions of the empire of Austria.

(2) During such period two of said plaintiffs, Jindrich Waldes and Ignatz Puc, were residents of Prague, and the remaining two, Edward Merzinger and Sigmund Waldes, were residents of Dresden, Germany.

(3) During said period the defendants were citizens of the United States and residents of the city of New York, carrying on business as merchant bankers in the borough of Manhattan in said city.

(4) On October 19, 1911, and prior thereto, and until on or about February 20, 1917, the plaintiffs maintained a branch of their business in the city of New York, of which one Sigmund Basch was at first manager, and which, subsequent to on or about the 12th day of August, 1916, was managed and conducted by said Sigmund Basch and M. Taylor Dannreuther, both of the city of New York, as attorneys in fact for the plaintiffs, pursuant to a power of attorney executed and delivered on or about the said 12th day of August, 1916 (Plaintiffs' Exhibit 2).

(5) On or about October 19, 1911, the defendants agreed with the plaintiffs, under their firm name and style of Waldes & Co., by letter of that date (Plaintiffs' Exhibit 1), as follows: "We are to pay the duties on your importations to this country, collect the outstanding accounts resulting from the sale thereof, making payments for your account as per your orders, and remitting to you as required the balance in account; our compensation for attending to the above to be one-half per cent.; interest to be credited at fair rate based on the money market, usually from 2½ per cent. to 3 per cent." (Plaintiffs' Exhibit 1). Business continued under this arrangement between the plaintiffs and the defendants until on or about the 26th day of February, 1917.

(6) The power of attorney executed by the plaintiffs to Basch and Dannreuther in August, 1916, confers upon them as attorneys in fact the most sweeping powers in respect